**Hubert S. SEAY, Plaintiff-Appellee,**

**v.**

**DELTA MARINE DRILLING COM-
PANY, Defendant-Appellant.**

**No. 30796**

**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Feb. 16, 1971.

A. R. Christovich, Jr., Christovich & Kearney, New Orleans, La., for appellant.

John G. Miller, Jr., Chester A. Eggleston, New Orleans, La., for appellee.

Before WISDOM, COLEMAN, and SIMPSON, Circuit Judges.

PER CURIAM:

On a jury verdict, the appellee obtained judgment against Delta Marine Drilling Company for personal injuries (reduced for contributory negligence) and for maintenance and cure as result of a fall of some twelve to fifteen feet to the drilling floor of a submersible drilling barge on navigable waters. Finding that this appeal clearly falls within the ambit of our Local Rule 21 [1] the judgment of the District Court is affirmed.

The appellant seeks reversal on the ground that the evidence was insufficient to go to the jury, that at least a new trial should have been granted, that a remittitur should . have been entered, and that there was no evidentiary basis for the verdict as to maintenance and cure. These are typically factual issues concerning which an opinion would have no precedential value, Local Rule 21, supra. See, also Boeing Company v. Shipman, 5 Cir., 1969, 411 F.2d 365.

The judgment of the District Court is Affirmed.

---

1. *Cf.* Pennington v. Drews, 212 La. 544, 33 So.2d 63 (1947), and Pullum v. Greene, 396 F.2d 251 (5th Cir. 1968).

* Rule 18, 5th Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir., 1970, 431 F.2d 409, Part I.

1. LOCAL RULE 21.
   When the Court determines that any one or more of the following circumstances exists and is dispositive of a matter submitted to the Court for decision: (1) that a judgment of the District Court is based on findings of fact which are not clearly erroneous; (2) that the evidence in support of a jury verdict is not insufficient; (3) that the order of an administrative agency is supported by substantial evidence on the record as a whole; (4) that no error of law appears; and the Court also determines that an opinion would have no precedential value, the judgment or order may be affirmed or enforced without opinion. See N.L.R.B. v. Amalgamated Clothing Workers of America, 5 Cir., 1970, 430 F.2d 966.